IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOANN DANIELS                                                                                    PLAINTIFF

vs.                                       Civil No. 4:10-cv-04057

MICHAEL J. ASTRUE                                                                          DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Joann Daniels ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 3.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff protectively filed an application for DIB on April 16, 2008. (Tr. 7, 112). Plaintiff alleged she was disabled due to several different impairments, including back pain, right leg swelling, high blood pressure, carpal tunnel syndrome, total blindness of the right eye, and acid reflux. (Tr. 136). Plaintiff alleged an onset date of June 1, 2007. (Tr. 136). This application was denied initially and again upon reconsideration. (Tr. 79, 83). Thereafter, Plaintiff requested an

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

administrative hearing on her application, and this hearing request was granted. (Tr. 85).

Plaintiff's administrative hearing was held on May 6, 2009, in Texarkana, Arkansas. (Tr. 21-68). Plaintiff was present and was represented by counsel, Joe Sterle, at this hearing. *Id.* Plaintiff, her neighbor Josie Johnson, Vocational Expert ("VE") Donald Marth, and Medical Experts ("ME") Dr. Betty Feir and Dr. Alice Cox testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-two (42) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had completed the 11th grade. (Tr. 39, 43).

On June 24, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 7-14). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2008. (Tr. 9, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 1, 2007, her alleged onset date. (Tr. 9, Finding 2).

The ALJ determined Plaintiff had the severe impairment of right eye blindness. (Tr. 9, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 11, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 11-13, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform a full range of work at all exertional levels but with the nonexertional limitations of no climbing ladders, ropes, or scaffolds; and no work at unprotected heights or dangerous moving machinery secondary to right eye blindness.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr.13, Finding 6). The ALJ determined Plaintiff's PRW included work as a cashier, certified nurse's aid, and motel cleaner. (Tr. 13). Based upon her RFC, the ALJ determined Plaintiff would be able to perform this PRW. *Id.* The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from June 1, 2007, through the date of his decision. (Tr. 13, Finding 7).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 16). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On May 3, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 5, 2010. ECF No. 3. Both Parties have filed appeal briefs. ECF Nos. 6-7. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065,

3

1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 6 at 1-3. Specifically, Plaintiff claims the ALJ erred (1) in evaluating her subjective complaints and (2) in failing to address Plaintiff's alleged impairments. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 7.

**A. Credibility Determination**

Plaintiff claims the ALJ erred in evaluating her subjective complaints. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in failing to properly apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from 20 C.F.R. § 404.1529 and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 12-13). Specifically, the ALJ noted the following: (1) Plaintiff's described activities of daily living are not that limited, (2) Although Plaintiff had been right side blind since age 12, she worked at a level of SGA until 2004, (3) Plaintiff testified she stopped working in 2004 due to back pain, but stated she thought she was capable of working as a cook after she left her job in 2004, and (4) Medical records do not corroborate Plaintiff's claims of medication side effects. (Tr. 12-13).

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### B. Plaintiff's Alleged Impairments

Plaintiff asserts that the ALJ "does not really deal with" Plaintiff's alleged conditions of back pain, carpal tunnel syndrome, hypertension, gastrointestinal reflux disease, depression, and side effects of medication. ECF No. 3. However, substantial evidence supports the ALJ findings that these alleged impairments were not severe.

The Commissioner's regulations set forth a five-step sequential evaluation for assessing disability. 20 C.F.R. §§ 404.1520, 416.920. Step two is whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities.

In this matter, the ALJ determined Plaintiff had a severe impairment of right eye blindness. (Tr. 9, Finding 3). An impairment is not severe if it amounts to only a slight abnormality that would not significantly limit the claimant's physical and mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521, 416.921; Social Security Ruling (SSR) 96-3p. The ALJ determined Plaintiff's alleged impairments of back pain, carpal tunnel syndrome, hypertension, gastrointestinal reflux disease, depression, and side effects of medication were not severe impairments. (Tr. 9, Finding 3). The ALJ addressed each of these claims in his decision. (Tr. 9-11).

The Plaintiff's claims of disabling back pain are contradicted by the objective examination findings of record. (Tr. 9-10). Plaintiff initial complaint of back pain was not until May 12, 2008,

7

a little more than a month prior to the expiration of her Title II insured status and nearly a year after her alleged date of onset. On May 12, 2008, Plaintiff went to Medical Specialists of Texarkana complaining of back pain that started two weeks before this visit. (Tr. 262). However, as the ALJ discussed, the examination showed normal gait, balance, and motor; equal and symmetrical deep tendon reflexes; and intact sensation. (Tr. 9, 262). Plaintiff was assessed with back pain and given Flexeril and Tylenol with codeine for pain. (Tr. 262).

Plaintiff returned to Medical Specialists of Texarkana on June 24, 2008. (Tr. 276-277). The Plaintiff indicated her medication was helping. (Tr. 276). Plaintiff's neurological examination was normal, with the only positive finding being bilateral muscle spasms to the flanks. (Tr. 277). On November 17, 2008, Plaintiff was seen by Medical Specialists of Texarkana. (Tr. 279-280). Plaintiff's neurological examination was normal. (Tr. 280).

The ALJ also discussed the testimony of Dr. Alice Cox who testified at Plaintiff's hearing. (Tr. 13). Dr. Cox testified that based upon the objective medical evidence of record Plaintiff would experience no exertional limitations as a result of her alleged back pain. (Tr. 28-29).

The ALJ discussed Plaintiff's complaint of carpal tunnel syndrome in his decision. (Tr. 10). The ALJ stated Plaintiff indicated she had a carpal tunnel release in 2005, which was two years before her alleged onset date. (Tr. 10). However, the ALJ found no report of Plaintiff receiving any treatment for symptoms of carpal tunnel syndrome. (Tr. 10). Also, the ALJ relied on the testimony of Dr. Alice Cox who testified Plaintiff's alleged carpal tunnel syndrome caused no functional limitations. (Tr. 28-29).

In addressing Plaintiff's claim of hypertension, the ALJ found it was well-controlled with medication. (Tr. 10). Plaintiff's blood pressure readings contained in the record were within the normal range. (Tr. 223, 226, 234-235, 258, 262, 276). Also, the ALJ discussed the testimony of Dr.

8

Alice Cox who testified Plaintiff's hypertension caused no functional limitations. (Tr. 28-29).

The ALJ found a lack of subjective complaints and objective medical evidence to support Plaintiff's complaints of gastrointestinal reflux disease. (Tr. 10). In fact, the ALJ stated there was no actual treatment for this alleged impairment. (Tr. 10). Finally, the ALJ relied on the testimony of Dr. Alice Cox who testified Plaintiff's alleged gastrointestinal reflux disease caused no functional limitations. (Tr. 28-29).

As for Plaintiff's alleged impairment of depression, the ALJ found Plaintiff never sought or received treatment from a mental health specialist. (Tr. 10). The treatment Plaintiff did receive was from a general practitioner and only involved the use of medication. (Tr. 10). The ALJ noted the medical reports of record indicated the medications were relatively effective in controlling Plaintiff's symptoms of depression. (Tr. 10). A condition that can be controlled by treatment or medication cannot be considered disabling. *Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007).

Finally, in discussing Plaintiff's claim of side effects from medication, the ALJ noted the treatment notes did not show any complaints by Plaintiff in this area. (Tr. 11). Plaintiff testified the medications were effective in treating her conditions. (Tr. 32). Additionally, drowsiness was the only side effect mentioned by Plaintiff. (Tr. 48).

The ALJ's decision shows the ALJ conducted a thorough evaluation of Plaintiff's alleged conditions of back pain, carpal tunnel syndrome, hypertension, gastrointestinal reflux disease, depression, and side effects of medication. Substantial evidence supports the ALJ's decision that these alleged impairments were not severe in that they amounted to only a slight abnormality that would not significantly limit the Plaintiff's physical and mental ability to do basic work activities.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

9

to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **21st day of July, 2011.**

                                                      /s/   Barry A. Bryant
                                                      HON. BARRY A. BRYANT
                                                      U.S. MAGISTRATE JUDGE